UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS BRYANT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1900-JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Carlos Bryant's Motion to Vacate, Set Aside or Correct Sentence, filed on October 31, 2011 pursuant to 28 U.S.C. § 2255. (ECF No. 1). The motion has been fully briefed and is ready for disposition.

## BACKGROUND

On August 27, 2009, Bryant was indicted on three counts: (I) being a felon in possession of a firearm that had previously traveled in interstate commerce, in violation of 18 U.S.C. § 922(g)(1); (II) possessing with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and (III) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Indictment, Case No. 9-cr-550, ECF No.1). Bryant pled guilty to Count III on August 19, 2010 in exchange for the Government's promise to move for dismissal of Counts I and II. (Case No. 9-cr-550, ECF Nos. 95, 96).

In the Plea Agreement, Bryant agreed the Government would have proven the following facts beyond a reasonable doubt:

> On January 7, 2009, in St. Louis County, in the Eastern District of Missouri, officers executed a valid state-level search warrant at the residence of the defendant, Carlos Bryant, at 6265 Tyndall, Berkeley, Missouri. They discovered in the residence distribution quantities of

1

> cocaine base, a digital scale, and a firearm. The cocaine base was tested by the drug laboratory and determined to constitute a substance containing cocaine base. The defendant admits that he possessed this cocaine base with the intent to distribute it. The firearm was discovered in close proximity to a large quantity of cocaine base. The defendant admits that he possessed this firearm in furtherance of his crime of possession with intent to distribute cocaine base. The firearm was examined by experts and determined to be a Sturm Ruger make, New Model Super Blackhawk model, .44 magnum caliber revolver. It was manufactured outside the State of Missouri and traveled in interstate commerce in order to reach the defendant's possession in Missouri on January 7, 2009. It was successfully test-fired and is capable of expelling a projectile by action of an explosive.

(Plea Agreement, Case No. 9-cr-550, ECF No. 96, at 8). Also pursuant to the plea agreement, Bryant waived (1) most of his appeal rights and (2) all rights to collateral review, "except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.* at 3-4.

Bryant was primarily represented by two attorneys during the criminal proceedings against him. The first was appointed for him from the Federal Public Defender's Office. (Case No. 9-cr-550, ECF Nos. 5, 6).[1] The second was retained by Bryant. (Case No. 9-cr-550, ECF Nos. 75, 103). Bryant's appointed counsel represented him through a substantial portion of the proceedings prior to Bryant's guilty plea. She filed several motions, including: (1) a motion for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) to disclose the identity of a confidential informant used in the investigation of Bryant; and (2) a motion to suppress evidence and statements. (Case No. 9-cr-550, ECF Nos. 59, 61). The magistrate judge assigned to pre-trial matters recommended denial of both motions. (Case No. 9-cr-550, ECF No. 77). Bryant's retained counsel represented him during the guilty plea and sentencing.

Bryant filed this Motion on October 31, 2011 pursuant to 28 U.S.C. § 2255. He then filed two amendments to the original filing. (ECF Nos. 4, 8). The second amendment ("Motion"), which is operative here, raises several claims of prosecutorial misconduct and ineffective

---

[1] Bryant was represented by a third attorney, also appointed from the Federal Public Defender's Office, in the early stages of the proceedings. (Case No. 9-cr-550, ECF No. 6).

assistance of counsel. Based on these claims, Bryant seeks both a hearing and an unspecified correction of his sentence.

## DISCUSSION

Under § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). A reviewing court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A district court should, however, dismiss without a hearing any "petition which consists only of 'conclusory allegations unsupported by specifics [or] . . . allegations that, in the face of the record, are wholly incredible,' . . . ." *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (first alteration in original) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73 (1977)).

*A. Prosecutorial Misconduct*

Bryant first claims his sentence should be altered based on prosecutorial misconduct. To demonstrate prosecutorial misconduct, a claimant must show that the prosecutor's actions were so egregious that they corrupted the truth-finding process in such a way as to have deprived the defendant of fundamental due process. *Ray v. United States*, 588 F.2d 601, 603 (8th Cir. 1978).

3

Bryant supports his claim with several factual allegations. He alleges in his Motion that the prosecutor "used invalid evidence consisting of an invalid search, unsigned lab reports, insufficient documentation, excluded informants [*sic*] testimony that relied on probable cause, threats and used an unsigned indictment to form a conviction regarding [Bryant]." (Motion, ECF No. 8, at 5). He alleges further that the prosecutor "produced and relied on insufficient evidence such as forged documentation, an invalid search, falsehood within the Affidavit regarding the Affiants [*sic*] sex, testimony and dates regarding the execution of the search and the year the search took place." *Id.* at 6. Bryant also alleges in his Reply that, prior to Bryant's evidentiary hearing, the prosecutor "threatened [Bryant] right before his counsel stating that [Bryant] better take the plea and trying to scare [Bryant] so that he would not continue his hearing." (Reply, ECF No. 21, at 7).

None of these allegations provides a basis for relief. The "invalid search" Bryant mentions was found to be constitutional by a United States Magistrate Judge. (Case No. 9-cr-550, ECF No. 77). The allegation that the prosecutor used unsigned lab reports and insufficient documentation is too vague to support Bryant's claim. The indictment was signed. (Case No. 9-cr-550, ECF No. 1). And it is not clear how the outcome of Bryant's case would have been different had the affidavit used in obtaining the search warrant described the affiant as male instead of female.

Nor does Bryant's allegation that he was threatened by the prosecutor have merit. The Supreme Court has long held that prosecutors may present defendants during plea negotiations with the potential consequences of refusing to plead guilty. *See United States v. Goodwin*, 457 U.S. 368, 377-380 (1982); *United States v. Stenger*, 605 F.3d 492, 498 (8th Cir. 2010) ("There is no due process violation when a defendant is openly presented with the 'unpleasant alternatives

4

of forgoing trial or facing charges on which he was plainly subject to prosecution.'" (quoting *Luna v. Black*, 772 F.2d 448, 449-50 (8th Cir. 1985 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978)))). On the face of Bryant's allegation, the prosecutor here did nothing more than state that Bryant would be better off taking the plea deal offered to him than continuing with the proceedings against him. Given that a gun was discovered near distribution quantities of cocaine base during a valid search of Bryant's house, the prosecutor's statement was not so egregious that it violated Bryant's due process rights. Thus, Bryant's claims of prosecutorial misconduct must fail.

### B. Ineffective Assistance of Counsel

Bryant next presents several ineffective assistance of counsel claims against both his appointed and retained counsel. In order to prevail on an ineffective assistance of counsel claim, a claimant must show that his attorney's performance was "deficient," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate counsel's deficiency, the claimant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To demonstrate prejudice, the claimant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

#### 1. Appointed Counsel

According to Bryant, his appointed counsel: (1) "failed to file motions in his defense and argue matters regarding his concerns[;]" (2) failed "to investigate a possible defense[;]" (3) failed "to call witness [*sic*] in [Bryant's] defense[;]"[2] (4) took a vacation instead of preparing for an

---

[2] The witnesses would have been called during the hearing held on Bryant's *Franks* motion and motion to suppress evidence.

evidentiary hearing; (5) failed to follow up on arguments, failed to argue contridictions [*sic*] and perjured testimony, failed to argue relevant factors regarding the search which would have proven [Bryant's] innocence and failed to take the alligations [*sic*] against [Bryant] regarding the claimed recovered evidence serious [*sic*][;]" and (6) "failed to produce expert testimony showing how it was possible or impossible for the weight of recovered evidence to increase dramatically for the time of being recovered and the handling of recovered evidence . . . ." (Motion at 6-8).

Nearly all of these allegations are conclusory. Only two include any detail: (1) that counsel took a vacation instead of preparing for the hearing held on Bryant's motion to suppress evidence and (2) that counsel failed to provide an expert witness who would have testified about the possibility of evidence being falsified. Bryant does not, however, specify the ways in which his defense counsel was unprepared for the motion hearing. Nor does Bryant identify an available expert witness who would have testified regarding police falsification of evidence. Most importantly, Bryant does not demonstrate to any degree that either better preparation or an expert witness would have affected the outcome of his motion to suppress and, ultimately, his decision to plead guilty. These allegations therefore provide no basis for relief.

In his Reply, Bryant adds specificity to the claims that his appointed counsel failed to call witnesses and failed to point out contradictions in witness testimony. Bryant claims his appointed counsel should have called "Valerie Taylor who was at [Bryant's] residence at the time the illegal search took place, the chemist, [and] the director of the analysis . . . ." (Reply at 7). There is no indication of what these witnesses would have testified to, how they would have changed the outcome of Bryant's motion to suppress evidence, or how they would have impacted Bryant's decision to plead guilty.

Regarding his counsel's failure to point out a witness's contradictory statements, Bryant alleges that a testifying detective stated during his pre-trial motion hearing "that he observed and recovered evidence at the time of the search, but when asked if the firearm was loaded he stated that a different officer handled the recovered evidence." (Reply at 7). It is not clear that these statements contradict each other. And as with the rest of his allegations, Bryant does not show how the outcome of his case would have changed had his defense counsel brought the alleged contradiction to the attention of the magistrate. Bryant's attempts to add specificity to these two claims therefore do not warrant an amendment of his sentence or a hearing on his Motion.

Bryant also includes a new allegation in his Reply: that his appointed counsel "stopped answering his calls when his only intentions were to see what her objective were [*sic*] and what defense strategies she had at the time." (Reply at 7). But in the very next sentence, Bryant states that his counsel actually did provide time to him to discuss his case. *Id.* ("When Ms. Jones did provide the time to visit [Bryant] she informed him with concerns regarding him taking the plea for ten years and stated that if he does not then the government was going go [*sic*] give him a more harsh sentence."). Bryant makes no attempt to show how the communications he did not have with his appointed counsel would have differed from the ones he had with her. He also does not show how learning his defense counsel's strategy at an earlier time would have impacted his eventual decision to plead guilty. In short, Bryant has not presented an ineffective assistance claim against his appointed counsel that can serve as a basis for relief under § 2255.

    *2. Retained Counsel*

Against his retained counsel, Bryant alleges in his Motion that: (1) "he failed to communicate with [Bryant] regarding what it was he was actually prepairing [*sic*] for the defense[;]" and (2) that he "insisted that [Bryant] take the plea offered by the prosecutor and

7

used prosecutal [*sic*] threats to presuade [*sic*] [Bryant] into taking the plea offered." (Motion at 8).

Neither of these claims can provide a basis for relief. Bryant's failure of communication claim is vague and inconsistent with statements he made during the plea colloquy. *See Voytik*, 778 F.2d at 1308 ("While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" (quoting *Blackledge*, 431 U.S. at 74)); (Plea Transcript, Case No. 9-cr-550, ECF No. 115, at 6-7, 13-14). Moreover, his counsel's advice to plead guilty and receive a reduced sentence, far from being unreasonable, was sensible in light of the evidence against Bryant.

Bryant also makes two allegations against his retained counsel for the first time in his Reply. Bryant alleges first that his retained counsel "demanded more funds from [Bryant] when [Bryant] informed him that he wanted to go to trial. [Bryant] had no choice but to take the plea and agree to the terms and conditions because he could not afford another counsel." (Reply at 8). The second allegation Bryant makes in his Reply is that he informed his retained counsel "that the prosecutor had used traffic tickets and charges that he never plead to for calculating the [sentencing] guidelines . . . ." *Id.* Bryant's retained counsel allegedly acted inappropriately by responding "that he would address [Bryant's] concerns at the time of sentencing but failed to because he said at sentencing that they did not really matter." *Id.*

Neither allegation has merit. To the extent Bryant's attorney's payment demand is presented as an ineffective assistance claim, it is not unreasonable for a privately retained attorney to demand payment for his services. To the extent the claim regards the voluntariness of Bryant's plea, it contradicts statements Bryant made during his plea colloquy. *See Voytik*, 778

F.2d at 1308; (Plea Transcript, Case No. 9-cr-550, ECF No. 115, at 6-7, 13-14). And the prosecutor's sentencing calculation, even if it was incorrect, is irrelevant because the guideline calculation in the presentence investigation report, which the sentencing court adopted, was correct.

None of Bryant's claims against the prosecutor, his appointed counsel, or his retained counsel provides a basis on which the Court can grant relief under § 2255, and none warrants a hearing.

Accordingly,

**IT IS HEREBY ORDERED** that movant Carlos Bryant's Motion to Vacate, Set Aside, or Correct Judgment pursuant to 28 U.S.C.§ 2255, (ECF No. 8), is **DENIED** and **DISMISSED WITH PREJUDICE.** A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that, because Bryant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Dated this 21st day of January, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE